RUFUS DUNHAM *vs.* ARTEMAS FELT *et al.*

Oxford, November 12, 1875.—May 5, 1876.

*Poor debtor. Bond.*

In an action of debt on a poor debtor's bond of the general form prescribed by statute, a certificate of discharge, signed by two justices of the peace and quorum of the county, is *prima facie* evidence that one of the alternative conditions has been performed.

Such certificate, when there is no evidence to control its *prima facie* force, constitutes a bar to the action, whether the instrument is construed as a statute bond or as a common law bond.

ON EXCEPTIONS.

DEBT on poor debtor's bond dated August 9, 1873, which was not approved by the creditor or by two justices as provided by law. The presiding justice gave the plaintiff permission to make such approval.

The defendant introduced a certificate of discharge dated Janu-

ary 31, 1874, signed, "Charles A. Kimball, trial justice, chosen by Thomas R. Day, deputy sheriff, for the creditor," and "A. K. Knapp, trial justice, chosen by the debtor."

*S. F. Gibson & C. E. Holt,* for the plaintiff, contended that this was a statute bond, and further that while certificates of magistrates in cases of this kind have been rightly held to be *prima facie* evidence that the requirements of the statutes have been complied with, yet in this case the creditor having the right to select one of the magistrates, and the certificate being silent as to the absence or presence of the creditor, that the selection of Kimball for him by the deputy sheriff, Day, was unauthorized, the poor debtor's court not legally constituted, their discharge invalid, and that condition of the bond not complied with.

*S. R. Hutchins,* with whom was *E. Foster, jr., & C. H. Hersey,* for the defendants, contended that this was not a statute bond, not being approved in writing, either at the time of the trial, or even since. The certificate is fair on its face. A magistrate may be chosen by an agent or attorney of the creditor, or in a certain case by an officer. The selection here was by an officer, whose action was in legal presumption authorized.

WALTON, J. This is an action on a poor debtor's bond. One of the questions argued is whether the bond is a valid statute bond, or a bond good only at common law. We do not find it necessary to determine this question; for whether the bond be regarded as a statute bond, or a bond good only at common law, the certificate of the justices introduced in defense, was *prima facie* evidence that one of its alternative conditions had been performed; and no evidence being offered by the plaintiff to control its *prima facie* force, it constituted a full and complete bar to the action. Such in effect was the ruling of the presiding judge at *nisi prius.* We think the ruling was correct. *Smith* v. *Brown,* 61 Maine, 70. *Ayer* v. *Fowler,* 30 Maine, 347. *Bachelder* v. *Sanborn,* 34 Maine, 230. *Exceptions overruled.*

*Judgment for defendants.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.